MARLBOROUGH BUILDING ASSOCIATION *vs.* AMERICAN BROACHING MACHINE COMPANY & another.

Middlesex.  November 21, 1919. — January 9, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & JENNEY, JJ.

*Trespass.  Practice, Civil,* Judge's charge.  *Contract,* Construction.

At the trial of an action of tort for trespass, there was evidence tending to show that the plaintiff had agreed to sell to the defendant land for the building of a factory, that, before the conveyance of the land and pending the examination of the title, the defendant authorized the moving of a building from the premises, received payment therefor, and authorized the excavation of a cellar and the putting in of a foundation on the land, and that the plaintiff did not consent to nor acquiesce in such operations pending the conveyance.  The property never was conveyed to the defendant.  *Held,* that a verdict for the plaintiff was warranted.

It is to be assumed that a jury will apply to facts, as they find them upon the evidence before them, the law as laid down in the charge of the presiding judge.

A provision in an agreement for the sale and conveyance of real estate that, if the owner "shall be unable to give title . . . all other obligations of either party hereunto shall cease," does not apply to the obligation to the owner which arises when the prospective purchaser, without right or the consent of the owner and before a conveyance to him, enters upon the land, removes a building therefrom, excavates for a cellar, constructs a foundation, and then, because of a defect in the title, refuses to go further with the transaction.

TORT for trespass against the American Broaching Machine Company, a corporation, and Francis J. LaPointe. Writ dated April 17, 1918.

In the Superior Court the case was tried before *Hitchcock, J.,* "with an action of contract between the same parties, in which the plaintiff sought damages from this [corporation] defendant for refusing to take title to this same land upon a written agreement for the purchase thereof. In that case the jury returned a verdict for the defendant, and in answer to a question submitted to them made a special finding that the plaintiff's title to the premises described in the agreement, which is hereinafter set forth, was not a good and clear title on December 1, 1917, the date appointed for the performance of that agreement."

Material evidence is described in the opinion. At the close of the evidence, the judge ordered a verdict for the defendant LaPointe, and denied a motion of the defendant corporation that a verdict be ordered in its favor. There was a verdict for the plaintiff in the sum of $500; and the defendant corporation alleged exceptions.

*W. R. Bigelow,* (*H. J. Jaquith* with him,) for the defendant corporation.

*R. H. Beaudreau,* for the plaintiff, submitted a brief.

DE COURCY, J. The acts of trespass complained of are, entering upon the plaintiff's land, removing a building therefrom, excavating a cellar and putting in the foundation for a factory. The answer is a general denial and an allegation that whatever was done on the land was by the license and with the consent of the plaintiff. There was a verdict against the defendant corporation. The only exception is to the judge's refusal to order a verdict in its favor.

The material facts, as the jury could have found them on the evidence, are as follows: Early in September, 1917, Francis J.

LaPointe (the individual defendant), of New London, Connecticut, opened negotiations with the officers of the Marlborough Board of Trade, with a view to the erection of a factory in Marlborough for the manufacture of broaching machines under a patent held by him. After several conferences and communications, arrangements were made for the purchase of a lot of land from the Marlborough Building Association and the construction of a suitable building thereon; and, pending its erection, a room was secured where LaPointe could install his machines and carry on his work. He proceeded to organize the defendant corporation and agreed to purchase $9,000 of the common stock for cash and $11,000 by transfer to the corporation of machinery, tools and letters patent. Arrangements were made to finance the new concern by loans from the local banks, to be secured by mortgages on the real estate and machinery. See *American Broaching Machine Co.* v. *Marlborough Board of Trade*, 231 Mass. 522.

On November 3, 1917, an agreement for the sale and purchase of the land was executed by the plaintiff and by the defendant corporation, under which the deed was to be delivered on November 15. The time of performance was later extended to December 1. During the month the charter of the defendant was issued (November 7); an old building on the lot was sold for $175, and a receipt for the money was given in the name of the defendant company; the building was removed; bids were obtained for the construction of the factory and for the heating plant; the foundation was substantially finished, and the forms for constructing the cement concrete were partly built. On November 27, and later, LaPointe told one Gage, the Secretary of the Board of Trade, that he did not believe he would go any further with the matter, giving as a reason the delay in perfecting the title and also the pendency in Maine of litigation affecting the patent. On December 1 he wrote to the plaintiff, stating "our trade is off."

There was ample evidence that the sale of the old house and the work done on the site of the proposed new factory were done with the knowledge and approval of LaPointe; that in carrying out the details Gage was acting under instructions received from LaPointe, and that the latter was acting throughout on behalf of the defendant corporation and as its agent. Further, it could be found that the plaintiff did not consent to or acquiesce in the

acts of the defendant upon the lot, pending the contemplated conveyance.

The trial judge instructed the jury that this action could not be maintained against the defendant LaPointe personally. He further charged them " that the only question in the case was whether these acts of removing the building from the lot, excavating the soil, and putting in the foundations for the factory, were done by the defendant corporation acting through its president, and if so the defendant was liable; if not, no matter by whom they were done the defendant was not liable; that if the building was removed under an agreement which was known and assented to by the plaintiff, then the plaintiff cannot recover for that." It is to be assumed that the jury applied to the facts as they found them the law as laid down by the court.

It should be added that the provision in the agreement of November 3, that if the plaintiff "shall be unable to give title . . . all other obligations of either party hereunto shall cease" is not applicable to the present issue.

*Exceptions overruled.*